[No. 17225. Department Two. October 21, 1922.]

ELMER E. GOODWIN, *Appellant,* v. PAD R. BEAR, *as Sheriff of Yakima County, et al., Respondents.*[1].

SALES (89)—TRANSFER OF TITLE—PAYMENT OF PRICE—EVIDENCE. Where the seller of cattle accepted earnest money, intending a present sale, and agreed to pasture the same for a few days, title to the cattle passes to the buyer on giving a check in payment for the balance and the pasturage, and delivery of the cattle to his agent, where the check was drawn on sufficient funds, although it was not presented for four days, during which time payment was stopped by the purchaser when the cattle were levied upon as his property.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered February 2, 1922, in favor of the defendants, in an action of replevin, tried to the court. Affirmed.

*Snively & Bounds,* for appellant.

*R. J. Venables (H. B. Rigg,* of counsel), for respondents.

HOVEY, J.—Appellant sold to Harry Tarry twelve head of milk cows on August 17, 1921. At the time of

[1]Reported in 209 Pac. 1080.

purchase, the cows were situate upon the farm of appellant in Yakima county, about 12 miles from the city of Yakima, and Tarry at this time gave appellant a check for $160 as an earnest payment, and this check was subsequently cashed. It was agreed that the cows might remain upon the farm of appellant until the purchaser wished them, and in case they remained more than five or six days, Tarry was to pay for their pasturage, and he would pay the balance due when he accepted delivery. On August 23, Tarry gave to appellant his check upon a bank in Mount Vernon, Washington, for the sum of $824, being the balance due on the contract of purchase, together with $24 for pasturage. Two days later, Tarry took the cows from the farm and they were in possession of his agent at the times hereinafter referred to. Appellant kept the check four days, being two days after surrendering the cows, and then deposited it in the bank at Yakima, and it was there forwarded in ordinary course for collection through a bank in Seattle. Before the check was paid by the Mount Vernon bank, respondent Central Bank & Trust Company seized the cattle under an execution upon a judgment which it held against Tarry. Thereupon Tarry stopped payment upon the check, and on September 30 wrote to his agent in Yakima, who was in possession of the cattle, instructing him to advise appellant that payment had been stopped upon the check and that appellant should make claim for his cattle, advising him as to the volume and section of the law under which he should proceed.

Appellant consulted with an attorney, who immediately brought action against Tarry in the name of the appellant for the amount due on the check. Appellant testified that he did not authorize the institution of this action. Shortly thereafter, appellant employed other

counsel, who brought the present action under the provisions of the law relating to the claim of a third party to property levied upon. The trial court held that title passed at the time of the original purchase, and rendered judgment against the appellant.

The appellant testified that he had had business dealings with Tarry over several years and relied upon his business integrity and never entertained any doubt as to the sufficiency of the check which was given him in final payment; that he did not demand any cash payment at the time of purchase, but the payment was in fact made at the instance of Tarry, who probably wished to prevent appellant selling the cattle to some third party.

Appellant contends that a check cannot be considered as payment unless it is made good, and cites a good many cases holding that a worthless check is not in fact payment and that goods so obtained can be reclaimed.

In our opinion, the doctrine of these cases does not apply to the present case. There is no evidence in this case indicating that the check was not drawn against sufficient funds, and the evidence further shows that the parties intended a completed sale on August 17. If appellant intended to keep the possession of the cattle as security for his final payment, he lost his right to a lien when he permitted the cattle to be taken from the premises and thus surrendered his possession. His delay of four days in presenting his check prevented its being paid in the ordinary course of business, and if he were permitted to prevail in this action he would carry into effect the apparent effort of Tarry to defraud his creditor, the respondent bank.

The judgment is affirmed.

MAIN, MACKINTOSH, HOLCOMB, and TOLMAN, JJ., concur.